UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AMANALI BABWARI,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:21-cv-00895-RDP |
| } | |
| **STATE FARM FIRE and CASUALTY** } | |
| **COMPANY, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This action is before the court on Plaintiff's Motion for Separate Entry of Final Judgment. (Doc. # 56). The Motion has been fully briefed. (Docs. # 70, 73). For the reasons discussed below, the Motion is due to be granted in part and denied in part.

**I.      Background**

This case arises from injuries sustained by Plaintiff Amanali Babwari on October 10, 2016, when he was shot multiple times by an unknown assailant while leaving work. (Doc. # 34). Plaintiff obtained a consent judgment against his former employers in state court after claiming that their failure to implement adequate security measures led to his attack. (Doc. # 33-9). Plaintiff brought this action against Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm") under Alabama Code § 27-23-2 seeking to satisfy the state-court consent judgment he obtained against his employers, Defendant's insureds. (Doc. # 1-1).

State Farm removed the case to this court on June 30, 2021. (Doc. # 1). On May 15, 2023, the court granted summary judgment in favor of Plaintiff. (Doc. # 55). In that order, the court intended that final judgment be entered because the court directed the Clerk of Court to enter judgment in Plaintiff's favor. (*Id.*). However, that was not done.

On June 8, 2023, Plaintiff filed his Motion for Separate Entry of Final Judgment. (Doc. # 56). On June 13, 2023, Defendant filed a Notice of Appeal. (Doc. # 58). On June 14, 2023, the court terminated the Motion for Separate Entry of Final Judgment in light of the Notice of Appeal. (Doc. # 59).

On February 8, 2024, the Eleventh Circuit issued an Opinion dismissing Defendant's appeal for lack of jurisdiction "because the district court's May 15, 2023 order is not final or otherwise immediately appealable" as the order "is silent as to an award of any prejudgment interest, including the prejudgment interest rate and the date from which any prejudgment interest would accrue." (Doc. # 67-1). That decision was issued as mandate on March 8, 2024. (Doc. # 68).

On March 11, 2024, the court reinstated Plaintiff's Motion for Separate Entry of Final Judgment and set a briefing schedule. (Doc. # 72).

## II. Applicable Legal Standards

"In federal diversity actions, pre-judgment interest is governed by state law[.]" *Walker v. Life Ins. Co. of N. Am.*, 59 F.4th 1176, 1192 (11th Cir. 2023) (citing *Venn v. St. Paul Fire & Marine Ins. Co.*, 99 F.3d 1058, 1066 (11th Cir. 1996)). Under Alabama law, interest on money judgments is governed by Ala. Code § 8-8-10. Section 8-8-10 provides:

> (a) Judgments for the payment of money, other than costs, if based upon a contract action, bear interest from the day of the cause of action, at the same rate of interest as stated in the contract; all other judgments shall bear interest at the rate of 7.5 percent per annum, the provisions of Section 8-8-1 to the contrary notwithstanding; provided, that fees allowed a trustee, executor, administrator, or attorney and taxed as a part of the cost of the proceeding shall bear interest at a like rate from the day of entry.
>
> (b) This section shall apply to all judgments entered on and after September 1, 2011.

Ala. Code § 8-8-10.

"Unlike pre-judgment interest, post-judgment interest is governed by federal law in diversity cases." *Walker*, 59 F.4th at 1194 (citing *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 572

n.4 (11th Cir. 1991)). That is, "[i]n awarding post[-]judgment interest in a diversity case, a district court will apply the federal interest statute, 28 U.S.C. § 1961(a), rather than the state interest statute." *Lexow*, 937 F.2d at 572 n.4.

The federal statute addressing interest on judgments provides:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. [] Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

28 U.S.C. § 1961(a). "[Section] 1961 speaks of post-judgment interest in mandatory terms[.]" *Walker*, 59 F.4th at 1194.

### III. Analysis

In his Motion, Plaintiff seeks:

> Ent[ry of] a Final Judgment [] against State Farm in the amount of $1,139,695.17, plus interest at the rate of 7.5% (as mandated by Ala. Code § 8-8-10) to be calculated from May 15, 2023 (the date summary judgment was granted in Babwari's favor) to the date of payment in full of this Final Judgment, with interest to be computed at the annual rate daily to the date of payment in full.

(Doc. # 56 at 7). Plaintiff argues that all interest on money judgments, whether pre- or post-judgment, is governed by Alabama Code § 8-8-10 and should be calculated at the 7.5% rate. (*Id*. at 4).

Defendant "agrees that a final judgment is due," but argues that "any post-judgment interest must be calculated according to federal law, not state law[.]" (Doc. # 70 at 1). Defendant asserts that "the [c]ourt should calculate any post-judgment interest from the date [] when final judgment is entered." (*Id*. at 5-6). Using the date of the upcoming final judgment, Defendant argues, "the current 1-year constant maturity yield is approximately 5%, and [] should be used to calculate post-judgment interest from the date of the final judgment." (*Id*. at 6). Defendant argues alternatively

that, "if the [c]ourt uses the date of its summary judgment order of May 15, 2023, the average yield for the calendar week preceding the date of the district court's judgment of May 15, 2023, was approximately 4.75%" and that rate "should be used [to c]alculat[e] the post-judgment interest [] from May 15, 2023" resulting in "a total of approximately $35,650 in post-judgment interest" to date. (*Id.*).

In reply, pointing to Alabama law, Plaintiff argues that all interest accruing since the date of the underlying state court judgment in May 2019 should be calculated at the state rate of 7.5%. (Doc. # 73 at 2).

Reconciling *Walker* and the federal interest statute requires the court to examine how Alabama law applies to interest accruing on the underlying state court judgment through the final judgment in this district court (pre-judgment interest) and how federal law applies to interest accruing thereafter (post-judgment interest). 59 F.4th at 1192-94; § 1961(a). This is so because the federal interest statute talks in terms of the "judgment in a civil case *recovered in a district court*." 28 U.S.C. § 1961(a). Plaintiff had no judgment against Defendant State Farm until this court entered summary judgment in his favor on May 15, 2023. As Defendant correctly points out, its "obligation to pay the underlying state court judgment was not fixed until that time." (Doc. # 70 at 5).

The underlying state court judgment was $877,659.66. According to Plaintiff, interest at a rate of 7.5% for the period May 23, 2019 (the date the underlying judgment was entered in state court) through May 15, 2023 (the date summary judgment was granted in Babwari's favor in this court) totals $262,035.51. Thus, as of May 15, 2023, the combined total of the underlying judgment plus accrued interest was $1,139,695.17.

Defendant does not dispute this calculation. Rather, Defendant argues that post-judgment interest before this court granted summary judgment to Plaintiff should not be awarded because

Plaintiff had no judgment against it. (Doc. # 70 at 5). Alternatively, Defendant argues that, if the court uses the state court judgement date as the judgment date from which to calculate interest, all the interest should be calculated at the federal rate. (*Id*. at 5-6).

There appears to be some confusion surrounding what is pre-judgment interest and what is post-judgment interest and, therefore, which interest rates apply. This is not surprising as there are two judgments relevant to this issue: the state court judgment against Plaintiff's former employers, and the federal district court judgment against Defendant State Farm as the insurer responsible for satisfying the underlying state court judgment. But, the relevant judgment which divides pre-judgment and post-judgment in this case is the "judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). That is the summary judgment entered by this court in favor of Plaintiff Babwari and against Defendant State Farm on May 15, 2023. Thus, interest accruing on the underlying state court judgment before the summary judgment was entered in this court is pre-judgment interest and is calculated at the state court rate of 7.5%. Interest accruing after the May 15, 2023 summary judgment order is post-judgment interest and accrues at the federal rate of 4.75%.

Plaintiff further notes that Defendant's policy requires it to pay the underlying judgment plus interest, and that interest is not subject to the policy limit. (Doc. # 56 at 5 (citing Doc. # 33-4 at 53-54). Defendant has neither addressed nor disputed this assertion.(Doc. # 70).

## IV.    Conclusion

For the reasons discussed above, Plaintiff's Motion for Separate Entry of Final Judgment (Doc. # 56) is due to be granted in part to the extent that Plaintiff seeks a final judgment and denied in part to the extent Plaintiff seeks to calculate interest accruing since May 15, 2023 at a rate of 7.5%. As separate final judgment will be entered.

**DONE** and **ORDERED** this April 10, 2024.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE